# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STEPHEN HAYES, and
CARLOS GARCIA,
Individually and behalf of others
similarly situated,

    Plaintiffs,

v.

XPO LAST MILE, INC.,

    Defendant.

Case No.: 1:17-cv-00319
Hon.: Robert J. Jonker

| AVANTI LAW GROUP, PLLC | JACKSON LEWIS P.C. |
|---|---|
| Robert Anthony Alvarez (P66954) | Allan S. Rubin (P44420) |
| Kristin Sage (P81173) | Attorneys for Defendant |
| Attorneys for Plaintiffs | 2000 Town Center, Suite 1650 |
| 600 28th St. SW | Southfield, Michigan 48532 |
| Wyoming, Michigan 49509 | (248) 936-1930 |
| (616) 257-6807 | RubinA@jacksonlewis.com |
| ralvarez@avantilaw.com | |
| ksage@avantilaw.com | Jeffrey H. Newhouse |
| | Lindsey A. Strachan |
| | Attorneys for Defendant |
| | 701 East Byrd Street, 17th Floor |
| | Richmond, Virginia 23219 |
| | (804) 649-0404 |
| | Jeffrey.Newhouse@jacksonlewis.com |
| | Lindsey.Strachan@jacksonlewis.com |

**JOINT MOTION AND MEMORANDUM IN SUPPORT OF MOTION
TO APPROVE SETTLEMENT**

    Now come the parties jointly, by and through their respective counsel, and move this Court for an order approving settlement and in support of their Motion state as follows:

    1.    On April 7, 2017, the plaintiffs filed an action against Defendant XPO Last Mile, Inc. ("XPO LM") in the United States District Court for the Western District of Michigan, in

which the plaintiffs sought relief for, among other things, alleged violations of the Fair Labor Standards Act of 1938, ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Michigan Workforce Opportunity Wage Act, MCL § 408.411 et seq. ("WOWA") (collectively the "Action"). On August 11, 2017 (ECF No. 17) and October 7, 2017, (ECF No. 40), the plaintiffs filed a second and third amended complaint, and XPO LM timely answered each of them on July 21, 2017 (ECF No. 14), September 5, 2017 (ECF No. 30), and October 20, 2017 (ECF No. 45) respectively.

2. During the course of the litigation the following motions and responses were filed by the parties:

   a. On July 21, 2017, XPO LM filed a Motion to Compel Individual Arbitration (ECF No. 14) and a Motion to Stay Consideration (ECF No. 15). The plaintiffs filed their opposition to XPO LM's Motion to Compel on August 16, 2017 (ECF No. 20), and their opposition to the Motion to Stay on August 18, 2017 (ECF No. 21). After oral arguments on the pending motions during the August 21, 2017 scheduling conference, the Court denied both motions the same day (ECF No. 24).

   b. On August 21, 2017, the plaintiffs filed a Motion for Conditional Certification (ECF No. 22), which the Court denied without prejudice on August 25, 2017 (ECF No. 28).

   c. On September 5, 2017, XPO LM filed a Partial Motion to Dismiss and to Strike (ECF No. 29). In response, the plaintiffs filed a Second Amended Complaint (ECF No. 32), which was later stricken (ECF Nos. 34, 39). After seeking permission to file a Second Amended Complaint (ECF No. 35), which the Court granted (ECF No. 39), the plaintiffs re-filed a Second Amended Complaint (ECF No. 40), and XPO LM again filed a Partial Motion to Dismiss in response on October 20, 2017 (ECF No. 44). The plaintiffs filed their opposition brief on November 17, 2017 (ECF No. 51), and XPO LM filed its reply on December 1, 2017 (ECF No. 56). The Court has not issued a decision on XPO LM's Second Partial Motion to Dismiss.

   d. The parties filed a Joint Motion for a Protective Order on October 19, 2017 (ECF No.), which the Court initially rejected (ECF No. 46), but subsequently granted after the parties refiled a revised Motion and Protective Order (ECF Nos. 48, 49, 50).

   e. On November 17, 2017, XPO LM filed a Motion to Compel Non-Party Subpoena Responses (ECF No. 51), which the Court denied on November 20, 2017 (ECF No. 54).

 3. Subsequent to the plaintiffs' Motion for Conditional Certification being denied, the plaintiffs have not since filed any other certification motion, and the deadline for class and collective action certification motions is not until January 15, 2018 (ECF No. 26). As a result this case remains a claim brought by two individual plaintiffs against XPO LM.

 4. Beginning on November 29, 2017, the parties engaged in informal settlement discussions pursuant to Fed. R. Evid. 408.

 5. As a result of these informal settlement negotiations and discussions, the parties, each of whom was represented by counsel, were able to reach a successful resolution of this matter, subject to Court approval. The terms of the settlement are confidential and as such the proposed Settlement Agreement and General Release ("Settlement Agreement") has been filed as **Exhibit 1.**

 6. The Settlement Agreement contains proposed costs and fees to be payable by XPO LM to counsel for the plaintiffs. The plaintiffs believe that the costs and fees are reasonable and commensurate with the service rendered by the plaintiffs' counsel, and the parties request that they be approved. XPO LM has agreed not to object to the award of the fees requested up to the amount stated in the Settlement Agreement.

 7. Upon approval of the Settlement Agreement, the parties agree that all pending motions be withdrawn, and that all remaining claims against XPO LM will be dismissed with prejudice and without costs or additional attorney or other fees.

 8. The parties agree that the settlement is a fair and reasonable resolution of a bona fide dispute over issues arising under the FLSA. In particular, although XPO LM denies that

there were any violations of the FLSA, the settlement sum represents a fair resolution of alleged unpaid overtime and liquidated damages, should the plaintiffs have prevailed on the merits of their case.

9. Because the parties believe that the settlement represents a fair resolution of this matter for all parties, they jointly ask that the Court approve the settlement of this action and enter the Order annexed to the submitted agreement as **Exhibit A**, approving the settlement in its entirety.

10. Pending consideration of this Motion, the parties request that all hearings, discovery, briefing dates and matters not related to this implementation of the settlement remain stayed.

## MEMORANDUM OF LAW

As a general rule, "court approval is required for the settlement of claims for back wages or liquidated damages under the FLSA." *Arrington v. Mich. Bell Tel. Co.*, No. 10-10975, 2012 U.S. Dist. LEXIS 157362, *1 (E.D. Mich. Nov. 2, 2012) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). "There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." *Lynn's Food Stores*, 679 F.2d at 1352; *see Toliver v. JBS Plainwell, Inc.*, No. 1:11-cv-302, 2015 U.S. Dist. LEXIS 182890, at *2-3 (W.D. Mich. May 13, 2015). "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Id.* at 1353. Alternatively, under section 216(b), when a party presents to the court a proposed settlement, "the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-cv-12302, 2015 U.S. Dist. LEXIS 2989, at *2 (citing *Lynn Food Stores*, 679 F. 3d at 1352). "If the settlement is a

4

reasonable compromise over issues that are actually in dispute, the Court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Arrington*, 2012 U.S. Dist. LEXIS 157362, *2 (internal citations and quotations omitted); *see Lynn's Food Stores*, 679 F.2d at 1354.

Thus, when settling disputes under the FLSA, the parties must submit their agreed-upon settlement to the Court for a determination as to "whether there is a bona fide dispute concerning the application of the FLSA and whether the settlement agreement represents a fair and reasonable compromise of the issues in dispute." *Toliver*, 2015 U.S. Dist. LEXIS 182890, at *3. To determine whether a proposed FLSA settlement is fair and reasonable, courts consider: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement. *Id.* (quoting *Lynn's Food Stores*, 679 F.2d at 1352-53). A district court may choose to consider only the factors that are relevant to the settlement at hand. *Id.*

### A.     The Settlement Resolves A Bona Fide Dispute.

Here, the parties are engaged in a bona fide dispute as to whether the plaintiffs were "employees" of XPO LM, as the plaintiffs allege, and if so, the amount, if any, of unpaid wages due to the plaintiffs. *See Whiteman v. 1st Class Towing, Inc.*, No. 1:14-cv-00861, 2015 U.S. Dist. LEXIS 66524, at *3 (W.D. Mich. Apr. 30, 2015). Moreover, XPO LM "den[ied] most of Plaintiff[s'] allegations and moved for a partial dismissal," which is still pending. *Lakosky v. Disc. Tire Co.*, No. 14-13362, 2015 U.S. Dist. LEXIS 99960, at *5 (E.D. Mich. July 31, 2015). "This 'good-faith disagreement' would have required judicial resolution had the parties not

jointly resolved Plaintff[s'] claims." *Id.* Accordingly, the plaintiffs' FLSA claims are actually and reasonably in dispute.

### B. The Settlement Is Fair And Reasonable.

The proposed settlement is also a fair and reasonable resolution to the parties' bona fide dispute. Specifically, the following factors favor settlement:

1. There is no risk of fraud and collusion, as both plaintiffs were represented by counsel who litigated aggressively on their behalf;
2. Due to the hybrid nature of the plaintiffs' FLSA collective action and WOWA Rule 23 class action claims, both parties face likely substantial expense and litigation of complex, far-reaching issues regarding the scope of litigation and discovery, as well as the merits, which alone involved multiple disputed theories of relief and defenses. Moreover, after eight months of litigation, the parties are still litigating the pleadings as XPO LM's Partial Motion to Dismiss remains pending, suggesting the likelihood of lengthy litigation;
3. The parties have exchanged written discovery, in addition to the records and declarations in court filings, including initial disclosures, the plaintiffs' answers and responses to XPO LM's interrogatories, requests for production, and requests for admissions, meet and confer letters regarding the plaintiffs' discovery responses, and the plaintiffs' written discovery requests to XPO LM. Additionally, both parties have noticed depositions;
4. Both sides raised legal arguments and factual positions that left the merits genuinely disputed as of the date of the settlement;
5. Counsel and the named plaintiffs voluntarily agreed to settle their claims, determining settlement was in each of their best interests on the agreed terms;
6. No class was certified, rendering "absent class members" inapposite; and
7. The public's interest in judicial economy and amicable dispute resolution favors settlement on the terms voluntarily agreed to by the parties under the purview of a neutral third-party facilitator.

Moreover, the proposed attorneys' fee award is reasonable. Section 216(b) of the FLSA provides that "[t]he court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). An award of attorneys' fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the

6

discretion of the judge. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). Here, the parties agreed to an attorney fee payment in the total amount of $25,000. In FLSA cases, fee awards are viewed as fair and reasonable even when the attorneys' fees exceed the plaintiff's recovery. *See, e.g.*, *Whiteman*, 2016 U.S. Dist. LEXIS 9310, at *5; *Lakosky*, 2015 U.S. Dist. LEXIS 99960, at *2.

The plaintiffs and XPO LM agree that the settlement, the terms of which are set forth in **Exhibit 1**, is a fair and reasonable resolution of a bona fide dispute over FLSA issues for the reasons set forth in the motion above. As such, the parties jointly request that this Court approve the settlement and enter the Order annexed to the submitted agreement as **Exhibit A**.

**WHEREFORE**, the plaintiffs and XPO LM respectfully move this Court for entry of an Order (i) **GRANTING** this Motion; (ii) **APPROVING** the settlement of this matter; (iii) **DENYING** all pending motions and; (iv) **DISMISSING** this action in its entirety with prejudice and without fees or costs, except as set forth in the settlement agreement.

| | |
|---|---|
| Dated: January 4, 2018 | Respectfully submitted, |
| **AVANTI LAW GROUP, PLLC** | **JACKSON LEWIS P.C.** |
| By: /s/ Robert Anthony Alvarez<br>AVANTI LAW GROUP, PLLC<br>Robert Anthony Alvarez (P66954)<br>Kristin Sage (P81173)<br>Attorneys for Plaintiffs<br>600 28th St. SW<br>Wyoming, Michigan 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com<br>ksage@avantilaw.com<br><br>*Attorneys for the plaintiffs* | By: /s/ Allan S. Rubin<br>JACKSON LEWIS P.C.<br>Allan S. Rubin (P44420)<br>Attorneys for Defendant<br>2000 Town Center, Suite 1650<br>Southfield, Michigan 48532<br>248-936-1930<br>RubinA@jacksonlewis.com<br><br>Jeffrey H. Newhouse<br>Lindsey A. Strachan<br>Attorneys for Defendant<br>701 East Byrd Street, 17th Floor<br>Richmond, Virginia 23219<br>(804) 649-0404<br>Jeffrey.Newhouse@jacksonlewis.com<br>Lindsey.Strachan@jacksonlewis.com<br><br>*Attorneys for Defendant XPO Last Mile, Inc.* |