UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN HAYES, et al.,

      Plaintiffs,

v.

XPO LAST MILE, INC.,

      Defendant.

_____/

CASE No. 1:17-cv-319

HON. ROBERT J. JONKER

## **ORDER**

On January 4, 2018, the parties filed their Joint Motion for approval of a settlement agreement. (ECF No. 58). Thereafter, on January 8, 2016, the Court requested additional information regarding attorney fees. (ECF No. 59). Plaintiff has responded in an unopposed brief. (ECF No. 60). The Court has reviewed the settlement agreement and additional information and appreciates the parties thoroughly addressing the issues.

As interpreted by the Supreme Court, the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-19 (2000), permits parties in certain FLSA cases to resolve a disputed claim through a settlement agreement approved as fair and reasonable by a district court. *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945). The Court, having reviewed the proposed agreement, is satisfied that it is a fair and reasonable settlement of a disputed claim. The recovery for the Plaintiffs is reasonable considering their claim, and the uncertainty of litigation. As for the award of attorney fees, the parties correctly state that proportionality is not the standard in this FLSA case and that in order to achieve the remedial goal of the statute, an adequate fee is necessary to attract capable counsel. The Court also notes the

requested fee is amply supported under the traditional lodestar analysis.  The award is reasonable based on the time spent and counsel's hourly rate.  In fact, considering the volume of early work needed in this case, the total time is less than the Court would expect, and the hourly rate is easily supported by counsel's experience and expertise.

**ACCORDINGLY, IT IS ORDERED** that:

1. The Joint Motion for approval of a settlement agreement (ECF No. 58) is **GRANTED.**

2. The distributions to Plaintiffs and Plaintiffs' counsel may be made in accordance with the Settlement Agreement.

3. Defendant's second motion to dismiss for failure to state a claim (ECF No. 44) is **DISMISSED AS MOOT**.

4. Based on the approved settlement agreement of the parties, this action is **DISMISSED WITH PREJUDICE** and without fees or costs, except as provided for by the terms of the settlement agreement.

Dated:   January 25, 2018             /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE